UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BREN INSURANCE SERVICES, INC. d/b/a ACTION PHARMACEUTICAL CONSULTING, a California corporation, | ) ) ) ) | |
| Plaintiff/Counter-defendant, | ) ) | |
| VS. | ) ) | |
| ENVISION PHARMACEUTICAL SERVICES, LLC f/k/a ENVISION PHARMACEUTICAL SERVICES, INC. d/b/a ENVISIONRX d/b/a ELIXIR RX, an Ohio limited liability company, | ) ) ) ) ) | CIVIL ACTION NO. 3:22-CV-2650-G |
| Defendant/Counter-plaintiff, | ) ) | |
| and | ) ) | |
| CAROL BAILEY, an individual, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant Carol Bailey's ("Bailey") motion to dismiss

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

(docket entry 98). For the reasons stated below, the motion is **GRANTED**.

# I. BACKGROUND

On December 1, 2008, Bren Insurance Services, Inc., doing business as Action Pharmaceutical Consulting ("APC" or the plaintiff), and Envision Pharmaceutical Services, LLC ("Envision") executed a marketing services agreement (the "Agreement").  Plaintiff's First Amended Complaint ("Complaint") (docket entry 34) ¶ 8.  Under the Agreement, APC marketed pharmacy-benefit management services to plan sponsors ("sponsors") and induced sponsors to contract with Envision for these services.  *Id.* ¶ 10.  In return, Envision paid APC for each sponsor that contracted with Envision.  *Id.* ¶ 16.  Once APC contacted a sponsor, Envision would either acknowledge or reject the sponsor as a designated APC-sponsor.  *Id*. ¶ 11.  The Agreement provides that failure to indicate "concurrence or rejection" of a sponsor to APC within five business days constitutes a passive acceptance of the sponsor.  *Id.*

On February 10, 2015, via passive acceptance, Smith County became an APC-sponsor of Envision.  *Id.* ¶ 14.  On October 12, 2016, Envision wrote a letter to APC regarding the Smith County account, stating:  "At this time, no payment is due to [APC] from Envision."  *Id.* ¶ 18.  APC contends this refusal is a breach of the Agreement and asserts a breach of contract claim in the amount of $147,600 for the Smith County account and $25,500 for the City of Coppell account.  *Id.* ¶¶ 21-22.

In addition to its breach of contract claim, APC alleges a claim against Bailey of tortious interference with a contract.  *Id.* ¶¶ 37-38.  Bailey was APC's sales

consultant from 2008 until 2015.  *Id*. ¶ 30.  APC alleges that Bailey intentionally encouraged Envision's breach, by telling Envision to not pay APC for the City of Coppell and Smith County accounts.  *Id.* ¶ 31.  APC alleges that Bailey "provided Envision and its insurance brokers false justifications for not paying APC based on her inside knowledge of APC's business model and reckless mischaracterizations of the Agreement."  *Id.* ¶ 32.  Bailey allegedly lobbied Envision to withhold payment from APC and to replace APC as the broker for the Smith County and City of Coppell accounts with her own company, TEAM Pharmacy Consulting.  *Id.* ¶ 33. Subsequently, Smith County switched brokers from APC to Bailey's company, TEAM Pharmacy Consulting.  *Id*.

The plaintiff filed this suit on August 13, 2020, in the United States District Court for the Northern District of Ohio; originally, the suit was filed only against Envision.  Plaintiff's Original Complaint (docket entry 1).  Then the plaintiff amended its complaint on December 27, 2021, to add Bailey as a defendant. Complaint.

On November 28, 2022, the case was transferred to this court.  Memorandum Opinion and Order (docket entry 74).  Our sister court transferred the case, in part, because it did not have personal jurisdiction over Bailey and "there seems to be a

- 3 -

factual dispute as to whether Texas's two-year statute of limitations for tortious interference with a contract ran[.]"[1]  *Id.* at 4-5.

On December 20, 2022, in response to the first amended complaint, Bailey filed a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Defendant Carol Bailey's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief In Support Thereof ("Motion") (docket entry 98).  In her motion, Bailey asserts that the plaintiff's tortious interference claim is barred by the two-year limitations period.  *Id.* at 2.  On January 10, 2023, the plaintiff filed a response to the motion.  Plaintiff Bren Insurance Services, Inc. d/b/a Action Pharmaceutical Consulting's Response to Defendant Carol Bailey's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted and Brief in Support Thereof ("Response") (docket entry 101).  In its response, APC claims that the Texas discovery rule tolled the statute of limitations until November 2021.  *Id.* at 6.  On January 13, 2023, Bailey filed her reply, disputing the applicability of the discovery rule.  Defendant Carol Bailey's Reply to

---

[1]     "Under Texas law, the question of when a cause of action accrues is a matter of law for the court to decide[.]"  *TIG Insurance Company v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566-67 (Tex. 2001)).  "The determination of whether the discovery rule applies to a particular cause of action is a question of law."  *TIG Insurance Company*, 521 F.3d at 357 (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990)).

Plaintiff Action Pharmaceutical Consulting's Response ("Reply") (docket entry 102).

The motion is ripe for decision.

## II. ANALYSIS

### A. Legal Standard

#### 1. Rule 12(b)(6) Motion to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction*

*Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004))
(internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine
whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*,
556 U.S. 662, 678-79 (2009).  The court must "begin by identifying the pleadings
that, because they are no more than conclusions, are not entitled to the assumption
of truth."  *Id.* at 679.  The court should then assume the veracity of any well-pleaded
allegations and "determine whether they plausibly give rise to an entitlement of
relief."  *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice
pleading to a "probability requirement," but "a sheer possibility that a defendant has
acted unlawfully" will not defeat a motion to dismiss.  *Id.* at 678.  The plaintiff must
"plead[ ] factual content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged."  *Id.*  "[W]here the well-pleaded
facts do not permit the court to infer more than the mere possibility of misconduct,
the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to
relief.'"  *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)).  The
court, drawing on its judicial experience and common sense, must undertake the
"context-specific task" of determining whether the plaintiff's allegations "nudge" its
claims against the defendant "across the line from conceivable to plausible."  See *id.*
at 679, 683.

2. <u>Rule 12(b)(6) Dismissal Based on an Affirmative Defense</u>

"Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Production Company*, 794 F.2d 967, 970 (5th Cir. 1986); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2013) ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Industries Employee Benefit Plan*, No. 3:01-CV-1148-D, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.).

Limitations is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). The affirmative defense of statute of limitations may properly be asserted in a Rule 12(b)(6) motion to dismiss. *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997); *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994). Furthermore, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [it]self out of court." *West Fork*

*Partners, LP v. Chesapeake Exploration, LLC*, No. 3:09-CV-0370-D, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, C. J.) (quoting *Funches v. City of Dallas*, No. 3:99-CV-0224-D, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)); *Covington v. Mitsubishi Motor Manufacturing of America, Inc.*, 154 Fed. App'x. 523, 524-25 (7th Cir. 2005) ("[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by admitting all the ingredients of an impenetrable defense.") (internal quotations omitted).  Courts strictly apply statutes of limitations, dismissing suits filed even a few days after the limitations date.  See *Cochran v. Astrue*, No. 3:11-CV-1257-D, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C. J.) (dismissing a suit filed ten days after the statute of limitations expired).

## B.  Application

In Texas, the statute of limitations for tortious interference with a contract claim is two years.  *Snell v. Sepulveda*, 75 S.W.3d 142, 144 (Tex. App. – San Antonio 2002, no pet.) (citing *First National Bank v. Levine*, 721 S.W.2d 287, 288 (Tex. 1986)); *see* TEX. CIV. PRAC. & REM. CODE § 16.003(a).  Bailey contends that section 16.003(a)'s two-year statute of limitations bars APC's claim.  Motion at 2.  Specifically, Bailey contends that APC was injured in 2015 but failed to file suit against her until 2021, well past the limitations period.  *Id.* at 3-4.  APC contends that its claim is timely, arguing the discovery rule tolls the limitations period because

APC did not know of Bailey's interference until 2021, after serving Bailey with a subpoena during the discovery phase of this lawsuit.  Response at 2.  Because APC could not have discovered "the true source of the reason of nonpayment without the subpoena to Bailey," APC argues the discovery rule should toll the statute of limitations until APC discovered Bailey's interference.  *Id.* at 7-8.

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy."  *Provident Life & Accident Insurance Company v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).  Statute of limitations typically begin to run when an injury occurs, or when the action "accrues," regardless of whether the plaintiff learns of that injury or if all the resulting damages have yet to occur.  *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).  There are exceptions to the rule, however.  Under Texas law, there is a "very limited exception to the statute of limitations" called the discovery rule.  *Computer Associates International, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996).  The discovery rule applies "only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable."  *Shell Oil Company v. Ross*, 356 S.W.3d 924, 929-30 (Tex. 2011).[2]  The legal question of whether an injury is

---

[2]    In her briefing, Bailey mistakenly defines the discovery rule to include cases of fraud or fraudulent concealment instead of only cases where the injury is "inherently undiscoverable and the evidence of the injury is objectively verifiable." *See* Motion at 3.  The discovery rule, in truth, only applies to the second category.

(continued...)

inherently undiscoverable is determined on a categorical basis rather than the facts of the individual case.  *Via Net v. TIG Insurance Company*, 211 S.W.3d 310, 314 (Tex. 2006).  The Texas Supreme Court has not yet addressed whether tortious interference is the type of injury that is inherently undiscoverable, but the Fifth Circuit has expressed its doubts whether tortious interference is "the type of conduct that, *by its nature*, is unlikely despite due diligence, to be discovered within the limitations period."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 214-215 (5th Cir. 1999) (emphasis in original).

   But the court need not make an *Erie* guess, see *Hermann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 558 (5th 2002), as to whether tortious interference is inherently undiscoverable because, even if the discovery rule applies, the limitations period began to run the day the *injury* was *known* to APC, even if the tortfeasors were unknown.  *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 357 (Tex. 1990) ("Even in

---

   [2](...continued)
See *S.V. v. R.V.*, 933 S.W.2d at 4 ("We have sometimes used the phrase [the discovery rule] to refer generally to all instances in which accrual is deferred . . . Strictly speaking, the cases in which we have deferred accrual . . . fall into two categories: those involving fraud and fraudulent concealment, and . . . the discovery rule.").  Fraudulent concealment itself prevents the running of the statute of limitations, wholly separate from the discovery rule.  *Id*. at 6.  APC does not contend that the doctrine of fraudulent concealment tolls the statute of limitations in its response, even if alludes to a declaration from APC's CEO Aaron Bren, which states that Bailey's communications were "fraudulently concealed[.]"  Response at 2.  The court does not consider Bren's declaration for any substantive issue in this opinion, and the court excludes it under Rule 12(d) because the declaration is outside the pleadings.  *See* FED. R. CIV. P. 12(d).

those Texas cases which have applied the discovery rule the courts have held that limitations begin to run *when the fact of injury is known*.") (emphasis in original); see, *e.g., Otis v. Scientific Atlanta, Inc.*, 612 S.W.2d 655, 666 (Tex. App. – Dallas 1981, writ ref'd n.r.e.) (limitations ran from date of the house fire, not when the plaintiffs discovered who was responsible for the fire).  According to the Complaint, APC has known about the injury – nonpayment of the accounts – since 2016.  Complaint ¶¶ 18-19.  By pleading that APC has known of the non-payment of the accounts since 2016, the statute of limitations has run for its tortious interference claim against Bailey, and APC has "plead[ed] [it]self out of court."  See *West Fork Partners, LP*, 2009 WL 2252505, at *5.  Consequently, Bailey's motion to dismiss is granted.[3]

## III. CONCLUSION

Bailey's motion to dismiss for failure to state a claim upon which relief can be granted is **GRANTED**.

**SO ORDERED**.

April 5, 2023.

A. JOE FISH
**Senior United States District Judge**

---

[3]     The plaintiff requested leave to amend its complaint in the event the court granted the motion to dismiss, *see* Response at 8, but because amendment cannot cure the statute of limitations issue, the request is denied.

- 11 -